# IN THE UNITED STATES BANKRUPTCY COURT FOR
# THE DISTRICT OF PUERTO RICO

|  |  |
|---|---|
| **IN RE:**<br><br>**RAUL ANDRES BENAVIDES POSADA and LETICIA ANGELA**<br><br><br>**Debtor(s)** | **CASE NO.  16-07417    BKT**<br><br>**Chapter  11**<br><br>**Adversary No.  16-00262** |
| **RAUL ANDRES BENAVIDES POSADA and LETICIA ANGELA**<br><br>**Plaintiff(s)**<br>**vs.**<br><br>**BANCO POPULAR DE PUERTO RICO**<br><br>**Defendant(s)** | <br><br><br><br><br><br>FILED & ENTERED ON 07/27/2017 |

## OPINION & ORDER

Before this court are Debtors'/Plaintiffs' *Motion for Summary Judgment* [Dkt. No.7]; Creditor/Defendant, Banco Popular de Puerto Rico's ("BPPR") *Opposition to Plaintiff's Motion for Summary Judgment (Docket No. 7) and Cross Motion for Summary Judgment* [Dkt. No. 15], and BPPR's Response to Plaintiffs' Statement of Uncontested Facts [Dkt. No. 16]; and, Plaintiffs' *Opposition to Cross Motion for Summary Judgment* [Dkt. No. 21].

## I. FACTUAL BACKGROUND

Based upon the parties' Statement of Uncontested Facts, exhibits thereto, the pleadings and the docket entries of the adversary and bankruptcy case, the uncontested material facts are as follows:

1. On December 31, 2007, Debtors obtained a mortgage loan and signed mortgage deed number 1478, dated December 31, 2007, over Debtors' real property as described below:

   **URBANA:** Solar marcado con el #46 de la Urbanización La Vista de Rio Mar, localizada en el barrio Mameyes del Municipio de Río Grande, con una cabida superficial de 1152.4083 metros cuadrados. Colinda por el NORTE, en una distancia de 49.1939 metros, con el solar #45; por el SUR, en una distancia según escritura de 45.6382 metros y según plano en una distancia de 44.9358 metros, con el solar #47; por el ESTE, en una distancia de 27.2497 metros, con Golf Course y por el OESTE, en una distancia de 25.6549 metros, con la calle uno.

   Se segrega de la finca #28300, inscrita al folio 20 del tomo 524 de Río Grande.

   Inscrita al folio 79 del tomo 529 de Río Grande, inscripción 2da. [1]

2. The mortgage deed was originally filed with the Registry of Property of Puerto Rico ("Registry) on January 17, 2008, and on May 24, 2012, the Registry notified certain defects which prevented its recordation. [2]

3. On or around August 17, 2016, BPPR filed with the Registry mortgage deed number 1478, dated December 31, 2007, over Debtors' property.

4. Debtors filed their voluntary petition under Chapter 11 on September 16, 2016.[3]

5. On December 12, 2016, Debtors filed a *Complaint to Avoid and Recover Preferential Transfers* [Docket No.1], to recover property of the estate pursuant to 11 U.S.C. § 547.

6. On January 2, 2017, Debtors filed a Motion for Summary Judgment. [4] Responding to

---

[1] Memorandum of law in support of summary judgment [Docket No.7].

[2] BPPR's Response to Palintiffs' Statement of Uncontested Facts [Docket No.16].

[3] Plaintiffs' Motion for Summary Judgment Motion [Docket No. 7].

[4] Debtors' Motion for Summary Judgement [Docker No. 7].

Debtors' request, BPPR presented an opposition to the summary judgment and cross-motion requesting summary judgment.[5]

## II.   APPLICABLE LAW

### SUMMARY JUDGEMENT STANDARD

The role of a summary judgment is to look behind the face of the pleadings and assay the parties' proof in order to determine whether a trial is required.  Under Federal Rules of Civil Procedure, Rule 56 (c), made applicable in bankruptcy through Federal Rules of Bankruptcy Procedure, Rule 7056, summary judgment is available if the pleadings, depositions, answer to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving part is entitled to judgment as a matter of law. Fed. R.Civ.P.56(c); Borges ex rel. S.M.B.W. v. Serrano-Isern, 605 F.3rd 1, 4 (1st Cir.2010). As to issues on which the movant, at trial, would be compelled to carry the burden of proof, it must identify those portions of the pleadings which it believes demonstrate that there is no genuine issue of material fact. In re Edgardo Ryan Rijos & Julia E. Cruz Nieves v. Banco Bilbao Vizcaya & Citibank, 263 B.R. 382, 388 (B.A.P. 1st Cir. 2001).

### PUERTO RICO MORTGAGE LAW

Under Puerto Rico law, a mortgage is validly constituted only if it is "stipulated in a deed" that is "recorded in the Property Registry." P.R. Laws Ann. tit. 30, § 2607. Without the recording, "a creditor only has an unsecured personal obligation regarding the underlying debt." Soto-Ríos v. Banco Popular de Puerto Rico, 662 F.3d 112, 121 (1st Cir. 2011); see also Roig Commercial Bank v. Dueno, 617 F. Supp. 913, 915 (D.P.R. 1985)("Failure to promptly record the mortgage deed

---

[5] Opposition to Plaintiffs'Motion for Summary Judgment (Docket No. 7) and Cross-Motion for Summary Judgment [Docket No.15].

turned the promissory note into a personal obligation, unsecured, solely enforceable against the maker.")

"The presentation of the mortgage deed at the Registry of Property is the catalyst for the recording process in Puerto Rico." In re Ramos, 493 B.R. at 368, 364 (Bankr. D.P.R. 2013) After presentation, "the registrar must pass judgment on the documents within sixty days, or some 'just cause' period thereafter, and then either...record them or alert the applicant [of] any defect." Soto-Ríos, 662 F.3d at 121. The sixty-day term, however, is "illusory" because virtually anything may constitute "just cause" under the law. See In re Rios, 420 B.R. 57, 70 (Bankr. D.P.R. 2009)(noting that "[i]n the majority of cases, three to five years elapse between the date of presentation and the date the Property Registrar" passes judgment on the documents presented).

Recognizing the widespread delay in the Registry's recording process, the Commonwealth enacted the "Act to Streamline the Property Registry," Law. No. 216, Dec. 27, 2010, P.R. Laws Ann. tit. 30, § 1821 (Law 216). Under this law, "all documents presented as of April 30, 2010, with enumerated exceptions, are deemed re[corded] as a matter of law." Soto-Rios, 662 F.3d at 114 n. 1. The enumerated exceptions are: (1) documents concerning partitions of properties; ( 2) grouping of properties; (3) attachment of properties; (4) eminent domain; and (5) ownership records; (6) documents correcting room-space or describing an excess; (7) documents constituting a horizontal property regime; (8) subsequent documents arising from the preceding transactions; and (9) documents notified, expired or under reconsideration. Id. Barring these exceptions, "Law 216 creates, in essence, a rebuttable presumption of valid recordation." In re Ramos, 493 B.R. at 368.

Generally, mortgage deeds do not fall within these enumerated exceptions. In fact, the Puerto Rico legislature enacted Law 216 partly because it was concerned with the impact that the Registry's delay in recording mortgages had on Puerto Rico's economic development. The preamble of Law 216 acknowledges that "commercial and mortgage banks l[end] capital...[to the extent] they [are] [sure] their investments are guaranteed by real property mortgages." Law 216, Preamble (certified translation). Accordingly, delays in recording mortgages "hinder such loans from having true guarantees, thus making access to capital more difficult and consequently, [also hinder] economic development."

While Law 216's exceptions are not generally applicable to mortgage deeds, the last one—documents notified, expired or under reconsideration, see P.R. Laws Ann. tit. 30, § 1821—is not document-specific, and thus may apply to mortgage deeds. Still, nothing on the record suggests that the Registrar notified any defects, that the entry of the mortgage deed expired, or that it is under reconsideration. Moreover, the presentation of the deed does not expire or is otherwise void by "the mere passage of time caused by [the] [R]egistrar['s] delay." Soto-Rios, 662 F.3d at 122 (citing P.R. Laws Ann. tit. 30, § 2255 (entry of presentation expires where notified defect is not seasonably corrected)).

## III.    DISCUSSION

### A. Preferences § 547(b)

Section 547 of the Bankruptcy Code governs the avoidance of preferential transfers and identifies the exceptions thereto. The U.S. Supreme Court articulated the purpose of section 547 to

be twofold: (i) to provide protection to the debtor's assets by discouraging creditors from running to the courthouse to force collection as the debtor slides into bankruptcy; and, (ii) to insure that the policy behind the Code requiring that all creditors be treated fairly and equally, is not violated as a result thereby. See, Union Bank v. Wolas, 502 U.S. 151. See also, In re Kiddy Toys, Inc., 178 B.R. 928 (Bankr. D.P.R. 1994).

Although section 547(b) of the Code authorizes a trustee to avoid preferences, section 547(c) equips the transferee with certain defenses. These defenses "are designed to rescue from attack in bankruptcy those kinds of transactions, otherwise fitting the definition of a preference, that are essential to commercial reality and do not offend the purposes of preference law, or that benefit the ongoing business by helping to keep the potential bankrupt afloat." Epstein, Nickles & White, Bankruptcy, Practitioner Treatise Series, Vol. 1, § 6-3, at 587 (1992). See also, Wiscovitch-Rentas v. Vaquería Tres Monjitas, Inc., 2013 WL 6799041 (Bank. P.R. 2013).

Section 547(b) of the Code provides that the trustee can avoid any transfer of an interest of the debtor in property to or for the benefit of a creditor, for or on account of an antecedent debt, which is made while the debtor is insolvent and on or within ninety (90) days before the date of the filing of the petition, if said transfer enables the creditor to receive more than it would if the case was under chapter 7, the transfer had not been made, and the creditor received payment as provided by the Code. 11 U.S.C. § 547(b).

11 U.S.C. § 547(b), requires that five (5) factors be established by the trustee in order to successfully sustain a preference action. Section 547(b) states, in pertinent part, that:

…

**(b)** Except as provided in subsections (c) and (i) of this section, the trustee may avoid any transfer of an interest of the debtor in property—

**(1)** to or for the benefit of a creditor;

**(2)** for or on account of an antecedent debt owed by the debtor before such transfer was made;

**(3)** made while the debtor was insolvent;

**(4)** made…
**(A)** on or within 90 days before the date of the filing of the petition; or

**(B)** between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and

**(4)** that enables such creditor to receive more than such creditor would receive if—

**(A)** the case were a case under chapter 7 of this title [11 USCS §§ 701 et seq.];

**(B)** the transfer had not been made; and

**(C)** such creditor received payment of such debt to the extent provided by the provisions of this title [11 USCS §§ 101 et seq.].

The burdens of the respective parties acting under this section are clearly set forth in the statute. In this context, section 547(g) states that a trustee has the burden of establishing that the transfer meets all requirements for avoidance as indicated in subsection (b) above. Similarly, a creditor has the burden to show that it is entitled to any defense asserted under subsection (c).

In order for a transfer to be deemed avoidable as a preference, the burden of proving all five of these elements is on the trustee. See, 5 Lawrence P. King, et al., Collier on Bankruptcy ¶ 547.03(15th ed rev'd 2006), citing Boberschmidt v. Society Nat'l Bank, (In re Jones), 226 F.3d 917, 921 (7th Cir.2000); See also, In re Bullion Reserve of North America, 836 F.2d 1214, 1217 (9th Cir.), cert. denied, 486 U.S. 1056 (1988); see also, Waldschmidt v. Ranier, (In re Fulghum Construction Corp), 706 F.2d 171, 172 (6th Cir.1983), cert. denied, 464 U.S. 935 (1983); In re Vj Intern., 359 B.R. 401(Bankr. P.R., 2006). Hence, and in order for payments to be recoverable as preferential transfers, payments must satisfy all of the requirements of 11 U.S.C. § 547(b).

In the instant case, for the purpose of resolving Plaintiffs' request under  section  547, the court finds the following facts undisputed:  (1) The deed presentation in the Registry of Property by BPPR on the date of August 17, 2016, constitutes a transfer of an in interest of the Debtors in property to or for the benefit of a creditor. (2) Such transfer of property was for or on account of an antecedent debt owed by the Debtors before such transfer was made.  In the instant case, the deed presented in the Registry of Property by the Defendant on August 17, 2016, constitutes the attempt of recordation of a lien on Debtors' property, regarding a loan incurred by the Debtors in 2007 with such creditor. (3) At the time the transaction was effectuated, the Debtors were insolvent. For the purpose of establishing whether the Debtors were insolvent, section 547(f) establishes the following rebuttable presumption: "For the purpose of this section, the debtor is presumed to have been insolvent on and during the 90 days immediately preceding the date of the filling of the petition".[6] Regarding the real property, the transfer of interest in property occurred at the time of presentation

---

[6] 11 U.S.C.§ 547(f).

in the Registry of Property.[7] In the instant case, the deed presentation in the Registry of Property occurred on August 17, 2016, and the Debtors' petition for relief was filed on September 16, 2016. Therefore, the transaction occurred within ninety (90) days pre petition in which time the Debtors are presumed to be insolvent under section 547(f) and so the insolvency requirement is met. [8] (4) The transfer of interest in property was "made on or within ninety (90) days before the date of filling of the petition."[9]  In the case at bar, if the recordation of the deed were granted in the foreseeable future by the Registry of Property under the August 16, 2016 presentation, such transfer in interest in property, backdates to the date of presentation for recordation. This means, that the time in which the transaction was perfected falls within the "reach-back" of the ninety (90) days pre petition under 11 U.S.C § 547 (b)(4)(A).[10]

---

[7] When the document is actually recorded in the Registry of Property, it relates back to the moment of its presentation. P.R. Laws Ann. tit. 30, § 2256; Soto-Rios, 662 F.3d at 121-122; Perez Mujica, 457 B.R. at 187.

[8] Regarding the requirement of the transfer being executed or "made while the debtor was insolvent," the court finds BPPR's response flawed. In the opposition of the summary judgment, BPPR argues that in Debtors' petition, specifically Schedules A, B, D, E and F, merely using a simple mathematical exercise, will show Plaintiffs' solvency. Defendant ignores the fact, that the insolvency issue regarding "preferential transfers" under section 547 focuses solely at the time the transaction was effectuated, not at the time the bankruptcy petition is filed. Therefore, the Debtors' insolvency is a undisputed fact.

[9] For the purpose of "preferential transfers" under § 547,  BPPR is not consider an insider, therefore 11 U.S.C.§ 547(b)(4)(B) is inapplicable.

[10] As discussed in the leading case of Soto-Rios, the presentation of the mortgage deed at the Registry is the catalyst for the recordation process in Puerto Rico. Under Article 53 of the P.R. Mortgage Law, P.R. Laws Ann. tit. 30, § 2256, "[p]resentment, as the decisive act for securing rank provided notice to the public, including to any bona fide purchaser, of the parties' mortgage transaction and the acts to preserve priority." Soto-Rios, 662 F.3d at 122. When the document is

As it can observed from the facts that the court finds as uncontested, the five requirements under section 547 are not established by undisputed evidence. The remaining requirement under section 547, which was not addressed, is whether that transaction enabled such creditor to receive more than such creditor would receive if the case were a case under chapter 7 of this title, and such transaction was not made.[11] From the motions and documents presented by the Plaintiffs and Defendant, such material fact was not established. Therefore, because of this evidentiary insufficiency, the court is unable to dispose of the controversy at hand via summary judgment, pursuant to Federal Rules of Civil Procedure, Rule 56(c).

Therefore, for the reasons set forth above, Debtors'/Plaintiffs' *Motion for Summary Judgment* [Dkt. No.7] and BPPR's *Opposition to Plaintiff's Motion for Summary Judgment (Docket No. 7) and Cross Motion for Summary Judgment* [Dkt. No. 15] are hereby DENIED. The Clerk shall schedule a final pre-trial hearing with the joint pre-trial report due by the parties seven (7) days prior to the hearing.

SO ORDERED

San Juan, Puerto Rico, this 27th day of July, 2017.

Brian K. Tester
U.S. Bankruptcy Judge

---

actually recorded in the Registry, it relates back to the moment of its presentation. P.R. Laws Ann. tit. 30, § 2256; Soto-Rios, 662 F.3d at 121-122; Perez Mujica, 457 B.R. at 187.

[11] 11 U.S.C.§ 547(b)(5).